**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**CIVIL CASE NO: 10-95-SJD-JGW**

**THE UNION CENTRAL LIFE**
**INSURANCE CO.,**                                                  **PLAINTIFF,**

**V.**

**ANCHOR FINANCIAL SERVICES, LLC, et al.,**                **DEFENDANTS.**

## REPORT & RECOMMENDATION

On May 21, 2010, the court entered an order directing defendant Anchor Financial Services, LLC to secure counsel on or before June 11, 2010. The court's order explained that "[i]t is well settled that a corporation cannot appear in federal court except through an attorney" and warned the *pro se* co-defendant, Nasir Abdullah Mogul, that even an officer cannot represent the corporation. *See* Doc. 10. Finally, the court forewarned the defendant that if it failed to secure counsel within the allotted time, the court would consider entry of a default against the corporation. Federal Rule of Civil Procedure 55 governs the entry of default and of default judgment. Pursuant to Rule 55(a), when a party against whom judgment is sought "has failed to plead or otherwise defend, the clerk "must enter the party's default." Pursuant to Rule 55(b), when a plaintiff's claim is "for a sum certain or a sum that can be made certain by computation," the clerk must enter judgment for the amount and costs against a defendant "on the plaintiff's request, with an affidavit showing the amount due."

At this juncture, the entry of default is appropriate because the corporate defendant has not secured counsel within the time allotted by this court and therefore has failed to "plead or otherwise defend" against plaintiff's claims. If defendant persists in this failure, and upon

compliance with Rule 55(b), the court will entertain a motion for default judgment.

Accordingly, **IT IS RECOMMENDED THAT** the Clerk of Court enter a default against defendant Anchor Financial Services, LLC based upon its failure to properly appear in answer to the complaint filed against it, pursuant to Rule 55(a), Fed. R. Civ. P.

This 15th day of June, 2010.

                                              s/ J. Gregory Wehrman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**CIVIL CASE NO: 10-95-SJD-JGW**

**THE UNION CENTRAL LIFE**
**INSURANCE CO.,**                                                                        **PLAINTIFF,**

**V.**

**ANCHOR FINANCIAL SERVICES, LLC, et al.,**                              **DEFENDANTS.**

**NOTICE**

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).