UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 10-95-SJD-JGW

**UNION CENTRAL LIFE INSURANCE CO.,**  **PLAINTIFF**

vs.

**ANCHOR FINANCIAL SERVICES, et al.,**  **DEFENDANTS**


**REPORT AND RECOMMENDATION[1] THAT (1) THE ANSWER OF DEFENDANT ANCHOR FINANCIAL SERVICES, LLC BE STRICKEN AS IMPROPER; (2) PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF DEFENDANT MOGUL BE DENIED; (3) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANCHOR FINANCIAL SERVICES, LLC BE GRANTED; AND (4) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MOGUL BE DENIED**

Plaintiff initiated this litigation on February 16, 2010 by filing a complaint against defendant Anchor Financial Services, LLC ("Anchor"), and against individual Defendant Nasir Abdullah Mogul. Currently pending is Plaintiff's motion to strike Defendant Mogul's answer, and motion for entry of default against both Defendants.

**I. Factual Background**

The factual background of this case was previously set forth in the Report and Recommendation filed on May 21, 2010 (Doc. 11) but is reiterated here for the convenience of this court:

> On October 15, 2007, Plaintiff and Defendant Mogul entered into a written contract styled "Branch Manager Contract" ("BMC") wherein Plaintiff agreed to employ Mogul for the purposes of operating a branch office agency of Plaintiff's in New York City ("Branch Office"). (Doc. 1, Ex. D). Effective the same day, Plaintiff and Defendant Anchor entered into a written contract styled "Broker Contract," wherein Plaintiff appointed Anchor its agent for the purposes of soliciting Plaintiff's insurance and annuity products ("Policies") in New York. (*Id.*, Ex. A).
>
> Throughout the course of BMC and Broker Contract, Defendants carried on voluminous contacts with Plaintiff at its principal place of business located at

---

[1] **Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**

>Forest Park, Hamilton County, Ohio ("Home Office")....From the inception of BMC and Broker Contract in October 2007 through their termination in January 2010, Defendants solicited almost 440 life insurance and annuity contracts on Plaintiff's behalf generating revenue for Plaintiff, an Ohio citizen, of more than $4.7 million.  (Doc. 9, Ex. A at U 8, 9).
>
>On October 17, 2007, Anchor executed a promissory note ("Note") in favor of Plaintiff in the principal amount of $252,000.00, the full satisfaction of which was guaranteed by Mogul.  (Doc. 1 at Ex. B).
>
>On April 21, 2009, Plaintiff and Mogul entered into the first of two compensation advance agreements ("Advance 1"), wherein Plaintiff advanced Mogul $150,000.00 in compensation earned under BMC.  Advance 1 was memorialized by a Compensation Advance Repayment Agreement and Compensation Advance Agreement executed by Plaintiff and Mogul.  (Doc. 1, Ex. E, F and Ex. A at H3).
>
>On April 30, 2009, Plaintiff and Mogul entered into the second compensation advance agreement ("Advance 2"), wherein Plaintiff advanced Mogul an additional $80,000.00 in compensation under BMC.  Like Advance 1, Advance 2 was memorialized by a Compensation Advance Repayment Agreement and Compensation Advance Agreement executed by Plaintiff and Mogul.  (Doc. 1, Ex. G, H and Ex. A at 3). . ...
>
>As detailed in the complaint, Defendants defaulted under the Note and the Advances.  (Doc. 1 at 8-12, 17, 22).  As a result, Plaintiff initiated this action, seeking damages for Defendants' respective breaches.

Doc. 11 at 1-4.  Plaintiff's amended complaint seeks damages for breach of contract and for unjust enrichment.  Neither Defendant filed a timely answer to Plaintiff's original complaint or amended complaint, and neither Defendant has ever appeared through counsel in this court.

**II.  Procedural Background**

In lieu of filing an answer, in April Defendants first filed a joint motion to transfer venue to New York.  (Doc. 6).  That motion was denied in the May 21 Report and Recommendation ("R&R").  (Doc. 11).  Corporate Defendant Anchor was thereafter directed to appear through counsel, absent which a default would be entered against it.

On June 15, 2010, when Anchor failed to properly appear through counsel, the undersigned filed a second report and recommendation recommending that the Clerk prepare an

entry of default pursuant to Rule 55(a). On July 2, 2010, both corporate and individual Defendants, still proceeding *pro se*, filed what appears to be an untimely answer to the amended complaint. (Doc. 18). On July 22, 2010, the June 15 R&R was adopted by the presiding district judge and an entry of default as to Defendant Anchor was filed.

On July 23, 2010, Plaintiff filed a motion to strike Defendant Nasir Abdullah Mogul's answer as untimely. On the same date, Plaintiff moved for the entry of default against Defendant Mogul. When Defendant filed no timely response, the court directed Defendant to show cause for his failure to respond to either the motion to strike his answer or the motion for entry of default. On September 9, 2010, Defendant Mogul filed correspondence which has been construed as his response to the court's "show cause" order. Plaintiff has filed a reply memorandum in opposition to Defendant's response, and in support of Plaintiff's motions to strike and for entry of default.

### III. Analysis

Defendant Mogul's response to the court's "show cause" order states, in pertinent part:

My answer was delayed because I was out of the country for family emergency.

Therefore, I respectfully request that the plaintiff's motion to strike and motion for entry of default be denied and the case should be decided on merits.

(Doc. 25). As Plaintiff is quick to note in its reply, Defendant's response offers no substantiation for his claim that he was unable to file a timely answer (or timely respond to Defendant's motions) due to his being "out of the country." Defendant does not state where he traveled, the dates of travel, the nature of the emergency, or any other details that allegedly prevented him from responding to the complaint. To that extent, Defendant's half-hearted response fails to demonstrate adequate "cause" to satisfy this court's order. For that reason, and for the additional reasons stated in Plaintiff's motions, Plaintiff seeks to strike Mogul's untimely answer and to obtain a default judgment against both Defendants.

-3-

Although Plaintiff initiated suit in February, Plaintiff filed an amended complaint on June 8, 2010. On July 2, 2010, thirteen days beyond the time specified by the rules, Defendant Mogul filed his Answer - purportedly on behalf of both Defendants. Plaintiff seeks to strike Mogul's answer. In addition, Plaintiff seeks a default judgment against both defendants, on the basis that Plaintiff's damages are liquidated in the following amounts: 1) Count I - joint and several liability in the amount of $251,743.32; 2) Count II - liability against Mogul in the amount of $120,095.20; 3) Count III - liability against Mogul in the amount of $80,000.00; 4) Count IV - liability against Mogul in the amount of $698,574.02; 5) Count V - against Mogul in the amount of $114,468.68;[2] and 6) Plaintiff's attorney's fees and costs.

**Defendant Anchor**

The record reflects that Defendant Mogul's answer was filed (ostensibly) on behalf of himself and on behalf of Anchor Financial Services, LLC. However, the Clerk previously entered a default against Defendant Anchor based upon its failure to answer or otherwise defend. Presumably for that reason, Plaintiff does not seek to strike the answer "filed" by Anchor. Nonetheless, the record should be corrected to strike Defendant Anchor's name from the answer that was "filed" on its behalf.

As has been previously stated twice in this record, and now for a third time, "[i]t is well settled that a corporation cannot appear in federal court except through an attorney." Doc. 10, 15. "Therefore, Defendant Mogul cannot represent the corporation named as a defendant in this case." *Id.* The court's prior instructions could not have been more plain: "Defendant Anchor Financial Services, LLC, must secure counsel to represent it in this case." Doc. 10. Defendant Anchor's attempt to file a tardy answer through a *pro se* representative cannot be countenanced.

---

[2]The amended complaint (Doc. 14) alleges that the value of unreturned furniture, fixtures, and equipment ("FFE") is $122, 571.56 as of April 20, 2010, but an affidavit attached to the motion for default judgment places the present value at the lower amount.

For the same reasons, Plaintiff's motion for entry of default judgment against Defendant Anchor should now be granted. Previously, the court entered a default pursuant to Rule 55(a) based upon the failure of the corporate defendant to secure counsel within the time allotted by the court and failure to "plead or otherwise defend" against Plaintiff's claims. Doc. 15, 19, 20. The court expressly warned the defendant that if it "persists in this failure, and upon compliance with Rule 55(b), the court will entertain a motion for default judgment." Doc. 15. Plaintiff has now made the appropriate motion. Defendant Anchor has persisted in its failure to obtain counsel through which it might plead or otherwise defend against Plaintiff's claims, and damages are liquidated against Defendant Anchor in the amount of $251,743.32. Therefore, the undersigned will recommend the entry of default judgment in that amount.

**Defendant Mogul**

Unlike Anchor, Defendant Mogul is permitted to represent himself in this court, and no entry of default has been yet entered against him. Ordinarily, a default judgment will not be entered absent some culpability. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). In addition, even negligent conduct by a defendant that is "careless and inexcusable" may still qualify for relief under the "good cause" standard required to set aside an entry of default. *Id.*

Here, Mogul has attempted to file an untimely answer without sufficiently explaining his reasons for doing so. Nevertheless, the tendered answer is only 13 days late, and Plaintiff has demonstrated no prejudice from the delay. *See generally Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Given that only a two-week extension would have made the answer timely, and considering plaintiff's permissible *pro se* status, the court will

-5-

excuse the tardiness of Mogul's answer and deny Plaintiff's motions to strike and for a default judgment as to that Defendant.

With that said, Defendant Mogul is on notice that the court is unlikely to be as lenient should he fail to comply with the Federal Rules of Civil Procedure in the future.  While *pro se* litigants are afforded less stringent pleading standards, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), such treatment has limits. *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir.1991) (finding dismissal appropriate based on the *pro se* plaintiff's clear pattern of delay, including failure to adhere to two extensions of deadlines).

### IV.  Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. The record be corrected to **strike** the answer improperly filed by Defendant Mogul on behalf of Defendant Anchor Financial Services, LLC [Doc. 18];

2. Plaintiff's motion to strike the answer of Defendant Mogul [Doc. 21] be **DENIED,** to the extent that the court accepts the late answer as if timely filed by Defendant Mogul alone;

3. Plaintiff's motion for default judgment [Doc. 23] be **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Default Judgment be entered against Defendant Anchor Financial Services, LLC in the amount of $251,743.32 on Count I;

   b. Default Judgment against Defendant Mogul be **denied;**

4. This case be submitted to the district judge for review of the R&R filed on May 21, 2010 as well as this R&R, and for entry of a scheduling order as appropriate.


Date: October 6, 2010                         s/ J. Gregory Wehrman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

-7-

Case: 1:10-cv-00095-SJD-KLL Doc #: 28 Filed: 10/06/10 Page: 7 of 8  PAGEID #: 156

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI
CIVIL NO. 10-95-SJD-JGW**

**UNION CENTRAL LIFE INSURANCE CO.,**                              **PLAINTIFF**

    **vs.**

**ANCHOR FINANCIAL SERVICES, et al.,**                              **DEFENDANTS**


**NOTICE**

    Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).