# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THE UNION CENTRAL  
LIFE INSURANCE COMPANY,  
    Plaintiff

vs

ANCHOR FINANCIAL  
SERVICES, LLC, et al.,  
    Defendants

Case No. 1:10-cv-095  
Dlott, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff The Union Central Life Insurance Company's (Union Central's) supplemental memorandum in support of its motion for summary judgment against defendant Nasir Abdullah Mogul (Mogul). (Doc. 44). Defendant Mogul has not responded to the supplemental memorandum.

On March 17, 2011, the undersigned issued an Order and Report and Recommendation in this matter (1) recommending that plaintiff Union Central's motion for summary judgment against Mogul (Doc. 34) be granted in part and summary judgment be granted in plaintiff's favor on Counts I, II and III of the amended complaint, and (2) granting plaintiff an opportunity to submit a supplemental memorandum concerning the law governing Counts IV and V of the amended complaint and to submit additional evidence in support of its request for damages on these counts. (Doc. 38). Plaintiff submitted its supplemental memorandum and additional evidence on May 6, 2011. (Doc. 44). On August 26, 2011, the District Judge issued an Order adopting the Report and Recommendation and granting summary judgment in favor of plaintiff and against Mogul on Counts I, II and III of the amended complaint. (Doc. 45).

Plaintiff's supplemental memorandum addresses its claims asserted in the amended

complaint against defendant Mogul for "unjust enrichment" (Count IV) and "breach of contract/unjust enrichment" (Count V). (Doc. 14, ¶¶ 24-38). The allegations plaintiff makes in support of these claims and the governing summary judgment standard are set forth in the prior Order and Report and Recommendation (Doc. 38 at 2-6) and will not be repeated here. Plaintiff seeks damages against Mogul in the amounts of $698,574.02 on Count IV and $122,571.56 on Count V. (Doc. 14, ¶ 39).

The Court determined in the prior Report and Recommendation that plaintiff had not carried its burden to show it was entitled to summary judgment on Counts IV and V for the following reasons: (1) although plaintiff premises its claims on the parties' Branch Manager Contract ("BMC"), which contains a provision stating that the contract will be governed by the laws of Nebraska (Doc. 1, Ex. D at 6), plaintiff cited only Ohio contract law in its motion for summary judgment; (2) plaintiff did not address whether Ohio or Nebraska law governs its claims; and (3) plaintiff did not set forth the law of unjust enrichment. (Doc. 38 at 7). In addition, plaintiff failed, by affidavit or otherwise, to set out facts that would be admissible in evidence to support its claims for damages. (*Id.* at 8). Accordingly, the Court withheld a recommendation on plaintiff's motion for summary as to Counts IV and V until plaintiff had an opportunity to address which state's law governed its claims and to submit additional evidence in support of its damages.

In its supplemental memorandum, plaintiff contends that Nebraska law governs any disputes arising under the parties' contract pursuant to the choice-of-law provision contained in the BMC, which provides that the contract will be governed by the laws of Nebraska. (Doc. 1, Exh. D, p. 6). Parties are generally free to choose which state's law will govern disputes arising

2

under their contract. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994). Accordingly, Nebraska law governs disputes based on the BMC. Under Nebraska law, a plaintiff must establish the following to prove a breach of contract: "[T]he existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Phipps v. Skyview Farms, Inc.*, 259 Neb. 492, 498 (Neb. 2000).

Plaintiff also premises its claim for unjust enrichment on Nebraska law, which requires a plaintiff to show: (1) the defendant received money; (2) the defendant retained possession of the money; and (3) the defendant in justice and fairness should pay the money to the plaintiff. *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293 (Neb. 2006). Defendant does not dispute that the unjust enrichment claim is governed by Nebraska law. Accordingly, the Court will apply Nebraska law to the unjust enrichment claim.[1]

Plaintiff Union Central has produced evidence in support of Counts IV and V, including the affidavit of Lisa Mullen, Senior Vice President, Individual Financial Operations for Union Central. (Doc. 44, Exh. B, "Affidavit in Support of Motion for Summary Judgment"). The evidence shows that pursuant to the terms of the BMC, Union Central agreed to reimburse Mogul for Branch Office expenses, including rent, supplies, equipment and furniture. (*Id.*, ¶ 3; Doc. 1, Exh. D, p. 3). Union Central had a procedure for employees to follow in order to receive reimbursement, which included the submission of supporting documentation. (Doc. 44, Exh. A). Throughout the duration of the BMC, Union Central paid Mogul reimbursements totaling

---

[1] Even if the unjust enrichment claim cannot be said to arise under the parties' contract so that it is not governed by the contractual choice-of law provision, the elements of the claim are essentially the same under Ohio law: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *See Hambleton v. R.V. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (quoting *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)). Thus, the resolution of the claim remains the same whether Ohio or Nebraska law is applied.

$5,905,733.00 based on his verbal and written representations that his requests for reimbursement were for legitimate business expenses and that documentary proof of their legitimacy could and would be provided. (*Id.*, ¶ 4; Exh. C, "Summary of Anchor Financial Expenses"). Mogul provided documentation for only a portion of the reimbursements paid to him, and a total of $698,574.02 in reimbursements was ultimately determined to be unrelated to either the BMC or Branch Office expenses. (*Id.*, ¶ 5; Doc. 44, Exh. D, "Unsubstantiated Expense Reimbursements to Nasir Abdullah Mogul").

Additionally, during the term of the BMC, plaintiff purchased certain furniture, fixtures and equipment ("FFE") for defendant's use for the total price of $195,497.32. (Exh. B, Mullen Aff., ¶ 6; Exh. E, "Value of Furniture and Equipment"). The BMC contained a provision stating that upon the BMC's termination, defendant was obligated to return FFE to plaintiff. (Doc. 1, Exh. D, p. 8). Upon the termination of the BMC in January 2010 (Doc. 14, Exh. L), defendant failed to return FFE to plaintiff (Exh. B, Mullen Aff., ¶ 7), and plaintiff has not reimbursed plaintiff for his retention of FFE. At the time of the BMC's termination, FFE had an estimated fair market value of $134,725.88. (*Id.*, ¶ 8; Exh. E).

Ms. Mullen's affidavit and the remaining evidence of record are sufficient to carry plaintiff's burden on summary judgment on its claims for breach of the BMC and for unjust enrichment. Ms. Mullen, a financial officer of Union Central, is competent to testify as to the amount of damages Union Central has incurred as a result of the breach of contract, as well as to the amount of the reimbursement paid to Mogul which has not been substantiated by him. Her affidavit and the supporting documentation Union Central has submitted are admissible evidence of plaintiff's damages resulting from Mogul's breach of the BMC and his unjust retention of the

reimbursement paid to him by Union Central. There is nothing in the case record to show that the damages amounts are in dispute. Union Central is therefore entitled to summary judgment in its favor on Counts IV and V of the amended complaint in the amounts sought.

**IT IS THEREFORE RECOMMENDED THAT:**

Summary judgment be **GRANTED** in favor of plaintiff Union Central on Counts IV and V of plaintiff's amended complaint.

Date: 11/17/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE UNION CENTRAL
LIFE INSURANCE COMPANY,
    Plaintiff

vs

ANCHOR FINANCIAL
SERVICES, LLC, et al.,
    Defendants

Case No. 1:10-cv-095
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Nasir Abdullah Mogul<br>80-72 Tryon Place<br>Jamaica, NY 11432 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7003 2260 0002 6723 4347 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Anchor Financial Services, LLC<br>C/o Nasir Mogul, Managing Director<br>1529 Jericho Turnpike<br>New Hyde Park, NY 11040 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7003 2260 0002 6723 4330 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

1:10cv95 (Doc. 49)